**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq., SBN 126281
brose@kayerose.com
Frank C. Brucculeri, Esq., SBN 137199
fbrucculeri@kayerose.com
723 Palisades Beach Road, Suite 108
Santa Monica, California 90402
Telephone: (310) 551-6555
Facsimile: (310) 277-1220

Attorneys for Plaintiff
**Milwaukee Electric Tool Corporation**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>            Plaintiff,<br>v.<br><br>ORIENT OVERSEAS CONTAINER LINE and INTERMODAL CARTAGE CO., INC.<br>            Defendants. | **Case No.: 2:24-cv-00042**<br><br>**IN ADMIRALTY**<br><br>**COMPLAINT FOR DAMAGE TO CARGO** |

**COMES NOW**, Plaintiff Milwaukee Electric Tool Corporation, (hereinafter "Plaintiff"), by and through undersigned counsel, and as and for its Complaint against Defendants Orient Overseas Container Line ("OOCL") and Intermodal Cartage Co., Inc. ("IMCG") (herein as "Defendants"), and alleges upon information and belief:

///

///

///

///

///

1
**COMPLAINT**

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333 on the basis that it concerns breaches of maritime contracts, and the claims are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 on the basis that it concerns contracts for the carriage of goods by sea to a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq*. (note).

3. Venue is proper in this District because Defendants are subject to personal jurisdiction in this District with respect to this action.

## PARTIES

4. Plaintiff is a corporation incorporated in Delaware and which and headquartered in Brookfield, Wisconsin. Plaintiff was the shipper, or consignee of the cargo in question and brings this action on its own behalf, and on behalf of, and for the benefit and/or interest of all parties who may be or become interested in the goods in question. Plaintiff entrusted certain power and hand tools in the custody, care, and control of Defendants for interstate and/or international multi-modal transportation and the cargo was not delivered to the assigned destination in the same good order and condition as when the cargo was received by the defendants for transportation.

5. At all relevant times, OOCL was and is a foreign corporation registered in Hong Kong, with offices and operations worldwide, with a local office through its subsidiary OOCL (USA) Inc., located at 111 West Ocean Blvd, Suite 1700, Long Beach, California 90802. Defendant is subject to the Court's jurisdiction through both its systematic business presence in California and specific jurisdiction based on the facts and circumstances of the loss in this case

as set forth in more detail below.

6. At all relevant times, IMCG was and is a foreign company registered in Tennessee and with a principal place of business in Memphis, Tennessee and operations nationwide. Defendant is subject to the Court's jurisdiction through both its systematic business presence in California and specific jurisdiction based on the facts and circumstances of the loss in this case as set forth in more detail below.

7. Plaintiff is a company that is regularly engaged in the shipment of goods, namely power and hand tools, on behalf of its customers throughout the United States.

## FACTUAL BACKGROUND

### A. Bill of Lading - OOLU2713572910

8. OOCL was contracted to ship goods from Ho Chi Minh, Vietnam, with an ultimate delivery destination of Olive Branch, Mississippi, USA. Pursuant to the applicable bill of lading, OOLU2713572910, one of the containers shipped, Container OOLU9221144, was carrying a total of 1709 cartons of various tools totaling 3,304 pieces, as more specifically described in the B/L.

9. The Cargo was packed in containers and delivered to the vessel, "COSCO SHIPPING ALPS" V.027E and to Defendant OOCL, then by rail & inland hauler IMCG; from Cai Mep, Vietnam to Olive Branch, USA, in good order, condition and suitable in every respect for the intended transportation.

10. On or about March 28, 2023, when Container OOLU9221144 was ultimately delivered to Plaintiff, more than 1,676 pieces of the tools were missing, stolen, and/or damaged. The total value of the missing/damaged Cargo was $228,052.17.

///

///

B. **Bill of Lading - OOLU2720141160**

11. OOCL was contracted to ship goods from Taichung, Taiwan to Olive Branch, Mississippi, USA. Pursuant to the applicable bills of lading, OOLU2720141160, one (1) of the containers shipped, Container BMOU5066450, was carrying a total of 300 cartons of M18 FUEL 10" Miter Saws totaling 900 pieces, as more specifically described in the B/L.

12. The Cargo was packed in containers and delivered to the vessel, ""COSCO SHIPPING JASMINE" V. 023E and to Defendant OOCL, then by rail and inland hauler IMCG; from Kaohsiung, Taiwan to Olive Branch, USA, in good order, condition and suitable in every respect for the intended transportation.

13. On or about July 27, 2023, when Container BMOU5066450 was ultimately delivered to Plaintiff, there were 46 pieces missing, stolen, and/or damaged. The total value of the missing/damaged Cargo was $9,629.13.

C. **Bill of Lading - OOLU2715588120**

14. OOCL was contracted to ship goods from Ho Chi Minh, Vietnam to Olive Branch, Mississippi, USA. Pursuant to the applicable bills of lading, OOLU2715588120, one (1) of the containers shipped, Container OOLU9507776, was carrying a total of 833 cartons of M18 Wet & Dry Vacuum Cleaners totaling 1,666 pieces, as more specifically described in the B/L.

15. The Cargo was packed in the container and delivered to the vessel, "COSCO SPAIN" V.056E and to Defendant OOCL, then by rail and inland hauler IMCG; from Vietnam to Olive Branch, USA, in good order, condition and suitable in every respect for the intended transportation.

16. On or about April 23, 2023, when Container OOLU9507776 was ultimately delivered to Plaintiff, there were 380 pieces missing, stolen, and/or damaged. The total value of the missing/damaged Cargo was $14,317.96.

///

### D. Bill of Lading - OOLU2709388560

17. OOCL was contracted to ship goods from Ho Chi Minh, Vietnam to Olive Branch, Mississippi, USA. Pursuant to the applicable bills of lading, OOLU2709388560, one (1) of the containers shipped, Container OOLU6949368, was carrying a total of 611 cartons of TTI Tools (Model #3698-22CZ) totaling 713 pieces, as more specifically described in the B/L.

18. The Cargo was packed in the container and delivered to the vessel, "COSCO SHIPPING ANDES" V.026E and to the defendant OOCL, then by rail and inland hauler IMCG; from Vietnam to Olive Branch, USA, in good order, condition and suitable in every respect for the intended transportation.

19. On or about December 19, 2023, when Container OOLU6949368 was ultimately delivered to Plaintiff, there were 84 pieces missing, stolen, and/or damaged. The total value of the missing/damaged Cargo was $15,613.80.

### E. Factual Allegations Common to All Bills of Lading

20. OOCL issued clean bills of lading for the Cargo as described hereinabove. Contracts of carriage and/or other contracts thus exist between Plaintiff and OOCL, that Plaintiff is a party to, the third-party beneficiary of, and/or otherwise entitled to enforce the terms of the contracts.

21. Such contracts of carriage or other applicable contracts concern the carriage of goods by sea from a foreign port to a port of the United States.

22. All four (4) containers described in detail above were discharged in the port of Long Beach, California. Upon information and belief, the Cargo went missing and/or was damaged between Long Beach, California and Olive Branch, Mississippi.

23. Among other obligations and duties, Defendants OOCL and IMCG had an obligation and duty to load properly and carefully, handle, stow, carry, keep, care for, safeguard and discharge the Cargo.

24. Among other obligations and duties, Defendants had an obligation and duty to deliver the Cargo to the ultimate port of destination in the same good order and condition as when received by the Defendants.

25. Upon information and belief, the Cargo was lost, damaged, and/or otherwise went missing during the period of exclusive control of Defendants.

26. Plaintiff has suffered damages because of the failure by Defendants to deliver the Cargo in the same good order and condition as when received by the defendants. Specifically, Plaintiff has suffered damages of an amount of $267,613.06 for the lost, stolen, and/or damaged cargo missing from the four (4) containers specifically described above.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "25" of this Complaint with the same force and effect as if more fully set forth herein.

28. Pursuant to the contracts entered into by and between Plaintiff and the Defendants, Defendants owed a contractual and statutory duty to Plaintiff. The Defendants owed a duty to safely and properly carry, keep, care for, and deliver the cargo in the same good order and condition as at the time the Defendants first accepted custody and control of the goods.

29. Defendants also had a contractual and statutory duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner and had a statutory and contractual duty to exercise due diligence in maintaining the seaworthiness of the above mentioned Vessels.

30. Defendants breached the contractual and statutory duties they owed to Plaintiff.

///

31. The loss sustained by Plaintiff was not the result of any act or omission of the Plaintiff or Cargo Interests, but, to the contrary, was due solely as the result of the breach of contract and/or statutory duties on the part of Defendants and/or their agents and/or the unseaworthiness of the Vessel.

32. As a direct and proximate result of said breach of contract by the Defendants, Plaintiff has suffered damages.

## SECOND CAUSE OF ACTION – BREACH OF BAILMENT

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "25" of this Complaint with the same force and effect as if more fully set forth herein.

34. At the time of the aforementioned casualty, Defendants together with the entities they hired to act on their behalf, were acting as bailees of the shipment and in their own capacity, or through their contractors, agents, servants, or sub-bailees, owed statutory duties to the Plaintiff to safely and properly carry, keep, care for and deliver the Cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

35. Defendant breached their duties and obligations as bailees by failing to deliver said shipment to its intended destination in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

36. As a direct and proximate result of the breach of bailment by Defendant, the Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff prays:

A. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid.

///

///

B. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages and/or in the amount to be determined at trial, together with interest, costs and the disbursements of this action; and

C. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: March 25, 2024            Respectfully submitted,

**KAYE, ROSE & PARTNERS, LLP**

By: */s/ Frank C. Brucculeri*
       Frank C. Brucculeri
       *Attorneys for Plaintiff*
       *Milwaukee Electric Tool*
       *Corporation*